UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DAVID BELL,

                            Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer KELVIN PERALTA, Shield No. 6980; Police Officer FRANCESCO ALLEVATO, Shield No. 2939; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

15 CV 3697

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff David Bell ("plaintiff" or "Mr. Bell") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Francesco Allevato, Shield No. 2939 ("Allevato"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Allevato is sued in his individual and official capacities.

10. Defendant Police Officer Kelvin Peralta, Shield No. 6980 ("Peralta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Peralta is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 3:00 p.m. on July 14, 2014, Mr. Bell was lawfully in the area of Wyona Street and Livonia Avenue in Brooklyn, New York.

15. As defendant officers were forcing an unknown civilian to the ground, Mr. Bell began to lawfully videotape the episode from a lawful distance.

16. Without ever interfering with defendants and always from a lawful distance, Mr. Bell continued to videotape the incident.

17. Without reasonable suspicion or probable cause to believe Mr. Bell had ever committed any crime or offense, defendants violently forced plaintiff to the ground and arrested him.

18. Defendants placed Mr. Bell into a police vehicle.

19. While transporting plaintiff to the 75th Precinct, a defendant officer

struck Mr. Bell about his head, shouting in sum, "you like to record shit."

20. Once at the Precinct, Mr. Bell was forced to undergo an invasive strip search.

21. Defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in multiple crimes, including obstructing governmental administration.

22. At no point did the officers ever observe Mr. Bell commit any crime or offense.

23. Plaintiff was eventually taken to Brooklyn Central Booking.

24. Mr. Bell was arraigned in Kings County Criminal Court and eventually received an adjournment in contemplation of dismissal.

25. After approximately twenty-four hours in custody, plaintiff was released.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. Mr. Bell suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily

injury, anxiety, embarrassment, humiliation, endured an illegal strip search and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38. Plaintiff was conscious of his confinement.

39. Plaintiff did not consent to his confinement.

40. Plaintiff's confinement was not otherwise privileged.

41. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

48. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants created false evidence against plaintiff.

52. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training & Retention

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

57. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

58. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

59. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. By reason of the foregoing, and by assaulting, battering, and using gratuitous and excessive force and failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

63. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

64. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By reason of the foregoing, and by assaulting, battering, and using gratuitous and excessive force and failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

68. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

69. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### TENTH CLAIM
### Failure To Intervene

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      June 24, 2015
            New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwf.nyc

                                        *Attorneys for plaintiff*